Debtor    _Digicel Group One Limited_____    Case number *(if known)* _____
Name

---

**ill in this information to identify the case:**

United States Bankruptcy Court for the:
___Southern_____ District of ___New York____
                                        (State)
Case number *(If known)*: _____ Chapter 15

☐ Check if this is an
   amended filing

---

Official Form 401

# Chapter 15 Petition for Recognition of a Foreign Proceeding                    12/15

---

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write debtor's name and case number (if known).

| | | |
|---|---|---|
| **1.** | **Debtor's name** | Digicel Group One Limited |

---

**2.**  **Debtor's unique identifier**

**For non-individual debtors:**

☐ Federal Employer Identification Number (EIN)  ___ ___ – ___ ___ ___ ___ ___ ___ ___

☒ Other __53897_____. Describe identifier <u>Registrar of Companies in Bermuda</u>
   <u>Registration Number.</u>

**For individual debtors:**

☐ Social Security number: xxx – xx– ____ ____ ____ ____

☐ Individual Taxpayer Identification number (ITIN): 9 xx – xx – ____ ____ ____ ____

☐ Other_____. Describe identifier_____.

---

**3.**  **Name of foreign representative(s)**

<u>Mike Morrison, Charles Thresh and James Bennett</u>

---

**4.**  **Foreign proceeding in which appointment of the foreign representative(s) occurred**

Provisional liquidation and scheme proceedings under the Companies Act 1981, a Bermuda statute, pending before the Supreme Court of Bermuda.

---

**5.**  **Nature of the foreign proceeding**

*Check one*:

☐ Foreign main proceeding

☐ Foreign nonmain proceeding

☒ Foreign main proceeding, or in the alternative foreign nonmain proceeding

---

**6.**  **Evidence of the foreign proceeding**

☐ A certified copy, translated into English, of the decision commencing the foreign proceeding and appointing the foreign representative is attached.

☐ A certificate, translated into English, from the foreign court, affirming the existence of the foreign proceeding and of the appointment of the foreign representative, is attached.

☒ Other evidence of the existence of the foreign proceeding and of the appointment of the foreign representative is described below, and relevant documentation, translated into English, is attached.
   <u>Joint Provisional Liquidators Appointment Order and Convening Order, attached hereto as Exhibits</u>
   <u>1 and 2, respectively, commencing foreign main proceedings and authorizing foreign</u>
   <u>representatives.</u>

---

Debtor     Digicel Group One Limited_____     Case number *(if known)* _____
          Name

| | | |
|---|---|---|
| **7.** | **Is this the only foreign proceeding with respect to the debtor known to the foreign representative(s)?** | ☐ No. (Attach a statement identifying each country in which a foreign proceeding by, regarding, or against the debtor is pending.)<br><br>☒ Yes |

| | | |
|---|---|---|
| **8.** | **Others entitled to notice** | Attach a list containing the names and addresses of:<br><br>(i)  all persons or bodies authorized to administer foreign proceedings of the debtor,<br><br>(ii)  all parties to litigation pending in the United States in which the debtor is a party at the time of filing of this petition, and<br><br>(iii)  all entities against whom provisional relief is being sought under § 1519 of the Bankruptcy Code. |

| | | | |
|---|---|---|---|
| **9.** | **Addresses** | **Country where the debtor has the center of its main interests:**<br><br>Bermuda_____ | **Debtor's registered office:**<br><br>Clarendon House      2 Church Street<br>Number                 Street<br><br>_____<br>P.O. Box<br><br>Hamilton     HM        11<br>City      State/Province/Region   ZIP/Postal Code<br><br>Bermuda_____<br>Country |
| | | **Individual debtor's habitual residence:**<br><br>_____<br>Number     Street<br><br>_____<br>P.O. Box<br><br>_____<br>City   State/Province/Region  ZIP/Postal Code<br><br>_____<br>Country | **Address of foreign representative(s):**<br><br>Crown House     4 Par-La-Ville Road<br>Number                Street<br><br>_____<br>P.O. Box<br><br>Hamilton     HM       08<br>City      State/Province/Region   ZIP/Postal Code<br><br>Bermuda_____<br>Country |

| | | |
|---|---|---|
| **10.** | **Debtor's website (URL)** | https://www.digicelgroup.com/en.html_____ |

| | | |
|---|---|---|
| **11.** | **Type of debtor** | *Check one*:<br><br>☒ Non-individual (check one):<br><br>    ☐ Corporation. Attach a corporate ownership statement containing the information described in Fed. R. Bankr. P. 7007.1.<br><br>    ☐ Partnership<br><br>    ☒ Other. Specify: Bermuda exempted company with limited liability_____<br><br>☐ Individual |

| | | |
|---|---|---|
| Debtor | Digicel Group One Limited | Case number (if known) |
| | Name | |

**12. Why is venue proper in this district?**

*Check one:*

☒ Debtor's principal place of business or principal assets in the United States are in this district.

☐ Debtor does not have a place of business or assets in the United States, but the following action or proceeding in a federal or state court is pending against the debtor in this district:

_____

☐ If neither box is checked, venue is consistent with the interests of justice and the convenience of the parties, having regard to the relief sought by the foreign representative, because:

_____

**13. Signature of foreign representative(s)**

I request relief in accordance with chapter 15 of title 11, United States Code.

I am the foreign representative of a debtor in a foreign proceeding, the debtor is eligible for the relief sought in this petition, and I am authorized to file this petition.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct,

✘ /s/ _____      Charles Richard Thresh
   Signature of foreign representative          Printed name

Executed on   05/15/2020
              MM / DD / YYYY

**14. Signature of attorney**

✘ /s/ _____   Date   05/15/2020
   Signature of Attorney for foreign representative          MM / DD / YYYY

Timothy Graulich
Printed name

Davis Polk & Wardwell LLP
Firm name

450 Lexington Avenue
Number      Street

New York                              NY      10017
City                                  State   ZIP Code

(212) 450 4639                        timothy.graulich@davispolk.com
Contact phone                         Email address

2661445                               NY
Bar number                            State

## **Exhibit 1**

**Joint Provisional Liquidator Appointment Order of Supreme Court of Bermuda Commencing Foreign Main Proceeding and Authorizing Foreign Representative**

**IN THE SUPREME COURT OF BERMUDA**

**COMPANIES (WINDING UP)**

**COMMERCIAL COURT**

**2020: No. 144**

**IN THE MATTER OF DIGICEL GROUP ONE LIMITED**

**AND IN THE MATTER OF THE COMPANIES ACT 1981**

---

**EX PARTE SUMMONS**

---

**TAKE NOTICE** that DIGICEL GROUP ONE LIMITED (the "Company") will appear by counsel before a Judge of the Supreme Court of Bermuda sitting in Chambers at on Wednes day, the 29th of April 2020 or so soon thereafter as counsel may be heard upon the application of the Company for the following orders:

1.  The appointment of Mike Morrison, Charles Thresh and James Bennett of KPMG as joint and several provisional liquidators of the Company for restructuring purposes with the powers set out in the draft order exhibited to the First Affidavit of David Lomas filed herein; and

2.  That the costs of this application be paid out of the assets of the Company as an expense of the provisional liquidation.

Dated this 29th day of April 2020

_____

REGISTRAR

IN THE SUPREME COURT OF BERMUDA

COMPANIES (WINDING UP)

COMMERCIAL COURT

2020: No. 144

IN THE MATTER OF DIGICEL GROUP ONE
LIMITED

AND IN THE MATTER OF THE COMPANIES ACT
1981

---

EX PARTE SUMMONS

---

CONYERS DILL & PEARMAN LIMITED
Barristers & Attorneys
Clarendon House
2 Church Street, Hamilton
BERMUDA

IN THE SUPREME COURT OF BERMUDA

COMPANIES (WINDING UP)

COMMERCIAL COURT

2020: No. 144

IN THE MATTER OF DIGICEL GROUP ONE LIMITED

AND IN THE MATTER OF THE COMPANIES ACT 1981

---

**ORDER**

---

**UPON HEARING COUNSEL** for DIGICEL GROUP ONE LIMITED (the "Company")

**AND UPON READING** the Petition filed herein and the Affidavit of DAVID LOMAS

**IT IS HEREBY ORDERED** as follows:

1.  That Mike Morrison, Charles Thresh and James Bennett of KPMG are hereby appointed joint provisional liquidators ("JPLs") of the Company for the purposes of restructuring with the following powers:

    (a)    to review the financial position of the Company;

    (b)    to monitor the continuation of the business of the Company by the existing board of directors of the Company (the "Board");

    (c)    to monitor, consult with, oversee and otherwise liaise with the existing Board and the creditors and shareholders of the Company in determining the most appropriate manner of effecting a reorganization and/or refinancing of the Company;

    (d)    to receive advance materials, receive advance notice of, and, at the expense of the Company, attend all Board meetings and such meetings of management as the JPLs request and shall be consulted prior to:

(i)     the sale or other disposition of any business, operation, subsidiary, division or other significant asset of the Company;

(ii)    the restructuring of any existing indebtedness by the Board,  by scheme of arrangement or otherwise;

(iii)   the terms of any new investment in the Company; and

(iv)    the incurrence of indebtedness or borrowing of money, whether pursuant to agreements with suppliers or pursuant to loan arrangements with financing institutions, and the granting of security in respect of the same, and the guaranteeing of such indebtedness or borrowings of affiliates.

(e)   to provide a written report to this Court from time to time and as this Court may otherwise request;

(f)   to retain and employ barristers, attorneys and solicitors, and such other agents and professional persons as the JPLs deems fit, in Bermuda and elsewhere as the JPLs deem appropriate for the purpose of advising and assisting in the execution of their powers;

(g)   to render and pay invoices out of the assets of the Company for the JPLs own remuneration at their usual and customary rates (and this shall include all costs, charges and expenses of their attorneys and all other agents, managers, accountants and other persons that the JPLs may employ), subject to such arrangements as may be agreed with the Company in the context of the overall restructuring process;

(h)   if deemed necessary, and in the interests of the creditors and shareholders of the Company, to seek the assistance of any other courts as may be considered appropriate;

(i)   to set up, maintain and control bank accounts (whether jointly with the Company or otherwise) at any bank or financial institution situated in Bermuda or elsewhere as appropriate, in their own name or in the name of the Company, and accept deposits into and pay monies into such accounts for the purpose of meeting the payment of the fees and expenses of the JPLs, including all costs, charges and expenses of their attorneys and all other agents, managers, accountants and other persons that they

may employ subject to the appropriate procedures being agreed with the Company and the creditors as to how fees will be determined; and

(j)    if agreed by the Company to be appropriate, to work with the Company to draft a scheme of arrangement under the provisions of section 99 of the Companies Act 1981 between the Company and its creditors and/or shareholders to give effect to and/or to facilitate a reorganization and/or refinancing of the Company and to seek whatever directions are required in respect thereof from this Court for proposing and implementing such a scheme

2.    For the avoidance of any doubt, no payment or disposition of the Company's property shall be made or effected without the direct or indirect approval of the JPLs and no such payment or other disposition made or effected by or with the authority or approval of the JPLs in carrying out their duties and functions and in the exercise of their powers under this Order shall be avoided by virtue of the provisions of section 166 of the Companies Act 1981.

3.    In the event that a winding-up order is made against the Company, any fees and expenses of the JPLs, including all costs, charges and expenses of their attorneys and all other agents, managers, accountants and other persons that they may employ, which are payable in accordance with the terms of the orders which may be made by this Court, and which are outstanding at the date of the winding-up order, shall be treated as fees and expenses properly incurred in preserving, realising or getting in the assets of the Company for the purposes of Rule 140 of the Companies (Winding-Up) Rules 1982.

4.    Save as are specifically set out herein:

(a)    the JPLs will have no general or additional powers or duties with respect to the property or records of the Company; and

(b)    the Board shall continue to manage the Company's affairs in all respects and exercise the powers conferred upon it by the Company's Memorandum of Association and Bye-laws, provided always that, should the JPLs consider at any time that the Board is not acting in the best interests of the Company and its creditors and shareholders, the JPLs shall have the power to report the same to this Court and seek such directions from this Court as the JPLs are advised are appropriate.

5. The Company shall provide the JPLs with such information as the JPLs may reasonably require in order that the JPLs are be able to properly discharge their functions under this Order and as an officer of this Court.

6. The JPLs shall be at liberty to submit to the Registrar of the Supreme Court of Bermuda bills of costs for taxation for all costs, charges and expenses of those persons or firms employed by them, with such taxation to be on an attorney and own client basis with respect to attorneys and on an equivalent basis for all managers, accountants and other persons.

7. The powers of the JPLs may be exercised jointly and severally.

8. The Petitioner's costs of this application shall be taxed and paid out of the assets of the Company on an attorney and own client basis.

Dated this    2 9    day of    A pril    2020

_____
CHIEF JUSTICE

IN THE SUPREME COURT OF BERMUDA

COMPANIES (WINDING UP)

COMMERCIAL COURT

2020: No. 144

IN THE MATTER OF DIGICEL GROUP ONE LIMITED

AND IN THE MATTER OF THE COMPANIES ACT 1981

---

**ORDER**

---

## **Exhibit 2**

**Convening Order of Supreme Court of Bermuda
Commencing Foreign Main Proceeding and Authorizing Foreign Representative**

IN THE SUPREME COURT OF BERMUDA

CIVIL JURISDICTION

COMMERCIAL COURT

2020 : No. 149

IN THE MATTER OF DIGICEL GROUP ONE LIMITED (PROVISIONAL LIQUIDATORS APPOINTED FOR RESTRUCTURING PURPOSES)

AND

IN THE MATTER OF SECTION 99 OF THE COMPANIES ACT 1981

---

### ORDER TO CONVENE MEETING

---

**UPON THE APPLICATION** made by Digicel Group One Limited (the "**Company**") by Ex-Parte Originating Summons

**AND UPON HEARING** Counsel for the Company, Counsel for the joint provisional liquidators ("**JPLs**") and Counsel for the Ad Hoc Group

**AND UPON READING** the Originating Summons and the first affidavit (together with exhibits, including the explanatory statement ("**Explanatory Statement**") relating to the **Scheme** (as hereinafter defined) required by section 100 of the Companies Act 1981) of David Lomas ("**First Affidavit**")

**AND UPON** the Court adopting in this Order, for ease of reference only, the abbreviations, words and phrases used in the Scheme Documentation hereinafter mentioned (being the document containing the Scheme proposed to be made between the Company and the DGL1 Scheme Creditors)

**IT IS ORDERED THAT:**

1.     The Company be at liberty to convene a scheme meeting (the "**Scheme Meeting**") for one class of DGL1 Scheme Creditors pursuant to section 99 of the Companies Act 1981 for the purpose of considering, and if thought fit, approving (with or without modification) the scheme

of arrangement under section 99 of the Companies Act 1981 proposed to be made between the Company and the DGL1 Scheme Creditors (the "**Scheme**").

2.      The Scheme Meeting shall commence at 1:00 p.m. Bermuda time on 1 June 2020 (or such later time or date as the Company may decide not more than three months from the date of this Order).

3.      The Scheme Meeting shall be held either at the offices of KPMG, 4 Par-la-Ville Road, Bermuda, (or if such venue is not available, such other suitable venue in Bermuda as the Company may select), or alternatively it may be held by means of a virtual meeting to be hosted through a secure online meeting platform or telephone conference facilities.

4.      DGL1 Scheme Creditors for the purpose of voting shall be the DGL1 Noteholders (as defined in the Scheme) as at the Record Date being entitled to vote at the Scheme Meeting.

5.      A copy of the document incorporating the Scheme, the Explanatory Statement, the Notice of the Scheme Meeting and the Voting/Proxy Form (together, the "**Scheme Documentation**"), shall, not less than 14 days prior to the Scheme Meeting:

   a.      be provided (via the Information Agent) to all persons whom the Company believes are or may be DGL1 Scheme Creditors as at the Record Date by email or post (to the extent that the Company hold such contact details);

   b.      be made available to DGL1 Scheme Creditors via a website, with access limited to DGL1 Scheme Creditors who shall contact the Information Agent via email at Tabulation@epiqglobal.com for authentication and to receive the required log in details.

6.      Notwithstanding paragraph 5, no Voting/Proxy Form is required to be distributed to DGL1 Scheme Creditors who have appointed Epiq Corporate Restructuring, LLC ("**Epiq**") as their attorney-in-fact for the purpose of voting on the Scheme.

7.      The Scheme Documentation shall be in the form or substantially in the form of the drafts exhibited to the First Affidavit, together with such further amendments as may be advised by Counsel.

8.      Unless the Court orders otherwise, the accidental omission to serve any DGL1 Scheme Creditor with notice of the Scheme Meeting or the Voting/Proxy Form relating to the Scheme Meeting or the non-receipt of notice of the Scheme Meeting or a Voting/Proxy Form relating

to the Scheme Meeting by a DGL1 Scheme Creditor shall not invalidate the proceedings at the Scheme Meeting.

9.     The Record Date shall be 13 May 2020 or such other date as may be notified to DGL1 Scheme Creditors.

10.    DGL1 Scheme Creditors who have not appointed Epiq as their attorney-in-fact for the purposes of voting, and wish to vote at the Scheme Meeting, must:

   a.     attend the Scheme Meeting at which it is entitled to vote (with the appropriate documentation as provided in the Explanatory Statement), and vote in person, or send a proxy to attend with a completed form of proxy; and

   b.     by 5:00 p.m. Bermuda time on 28 May 2020, submit the appropriate documentation as provided in the Explanatory Statement and (if applicable) a completed form of proxy either:

      i.     by electronic mail to to tabulation@epiqglobal.com; or

      ii.    in respect of hard copy forms, by sending (at the senders own risk) to "Digicel – Ballot Processing" to the following address:

            *If by First Class Mail:*
            c/o Epiq Corporate Restructuring, LLC
            P.O. Box 4422
            Beaverton, OR 97076-4422

            *If by Overnight Courier or Hand Delivery:*
            c/o Epiq Corporate Restructuring, LLC
            10300 SW Allen Boulevard
            Beaverton, OR 97005

11.    Epiq shall be entitled to vote on behalf of those DGL1 Scheme Creditors that have appointed Epiq as their attorney-in-fact for that purpose in accordance with the terms of such appointment, which shall include the ability to appoint the chairman as proxy on behalf of such Scheme Creditors, and shall use the Agent Master Ballot for such purposes.

12.    Where Epiq has the details of the relevant DGL1 Scheme Creditor that has appointed Epiq as their attorney-in-fact for the purpose of voting, that DGL1 Scheme Creditor shall be counted as one DGL1 Scheme Creditor for the purpose of the numerosity test under Section 99 of the Companies Act 1981. In all other cases, each 'voluntary offer instruction number'

3

associated with a DGL1 Scheme Creditor that has appointed Epiq as their attorney-in-fact for the purpose of voting, shall count as one DGL1 Scheme Creditor for numerosity purposes.

13. Charles Thresh, or any one of the JPLs, shall be appointed to act as chairman of the Scheme Meeting (the "**Chairman**") and be directed to report the results of the Scheme Meeting to the Court.

14. The Chairman shall:

    a.    oversee voting;

    b.    have discretion (without prejudice to the generality of paragraph 9(d) below):

        i.    To accept the value of the claim in respect of which a DGL1 Scheme Creditor seeks to vote, in whole or in part, notwithstanding failure by such DGL1 Scheme Creditor to comply with the requirements contained in the form of proxy;

        ii.    To accept otherwise incomplete or late forms of proxy (but, for the avoidance of doubt, provided that the form of proxy is received before he closes the relevant Scheme Meeting); and

        iii.    In the event of a vote being cast by more than one creditor in respect of the same debt, to count only the votes of the person with the ultimate economic interest in that debt; and

    c.    be at liberty to rely on the electronic confirmations (in respect of electronic forms of proxy) or signatures (in respect of hard copy forms of proxy) as a warranty that the signatory (or person submitting such confirmation) has been duly authorised by the relevant DGL1 Scheme Creditor;

    d.    be responsible for, and have discretion to determine, in accordance with the relevant provisions in the Explanatory Statement, the entitlement of and value for which any DGL1 Scheme Creditor is permitted to vote at the Scheme Meeting;

    e.    be at liberty to permit the attendance of persons who are not otherwise entitled to attend and vote at the Scheme Meeting provided that such a person shall not be entitled to speak at the Scheme Meeting without the permission of the Chairman and

4

provided that no objection is received from a person entitled to attend the relevant Scheme Meeting;

f.   be at liberty to adjourn the Scheme Meeting to the same or another place in Bermuda, provided that, if adjourned, the Scheme Meeting recommences as soon as reasonably practicable thereafter; and

g.   have permission to apply for such further directions as he may consider necessary or appropriate.

15.   A DGL1 Scheme Creditor may appoint any person as their proxy and, if the appointee is not the Chairman, may provide in the appointment that the appointee may vote in the appointee's absolute discretion. Any person validly appointed as proxy for a DGL1 Scheme Creditor may attend and speak at the Scheme Meeting.

16.   A representative from Epiq, of appropriate seniority, will act as a scrutineer and be responsible for confirming the results of the Scheme Meeting and providing the Chairman with a report setting out the results of the Scheme Meeting.

17.   The Chairman shall file a report on the Scheme Meeting prior to any sanction hearing (assuming the requisite statutory majority in support of the Scheme is obtained at the Scheme Meeting).

18.   If the Scheme is approved the Company shall petition the Court to seek its sanction of the Scheme.

19.   Mike Morrison, Charles Thresh and James Bennett have been validly appointed by the Company to act as the Company's authorised representatives ("**Authorised Representatives**") and are each authorised to act as the Company's agent in seeking any relief available to a "foreign representative" under Chapter 15 of the U.S. Bankruptcy Code.

20.   The Authorised Representatives have each been authorised by the Company to take any and all actions to execute, deliver, certify, file and/or record and perform any and all documents, agreements, instruments, motions, affidavits, applications for approvals or rulings of governmental or regulatory authorities, or certificates, and to take any and all steps deemed by the Authorised Representatives to be necessary or desirable to carry out the purpose and intent of the restructuring contemplated by the Scheme including, for the avoidance of doubt, filing any petition for recognition of the Scheme, the enforcement of this

5

order and the sanction order (if approved) and any other related relief under Chapter 15 of the U.S. Bankruptcy Code, to the extent required.

21.    In advance of the sanction hearing, the Company shall provide to the holders of the DGL2 Notes and the DGL3 Notes (as defined in the First Affidavit), for their information only:

    a.    A copy of the Originating Summons;

    b.    A copy of the First Affidavit and Exhibits (excluding Exhibit Tabs 5 and 7);

    c.    A copy of this Order; and

    d.    Notice of the sanction hearing.

22.    The holders of the DGL2 Notes and DGL3 Notes shall be entitled to make representations at any sanction hearing.

23.    There be liberty to apply.

DATED this  12  of  May  2020

CHIEF JUSTICE

6

IN THE SUPREME COURT OF BERMUDA

CIVIL JURISDICTION

COMMERCIAL COURT

2020 : No. 149

IN THE MATTER OF DIGICEL GROUP ONE LIMITED
(PROVISIONAL LIQUIDATORS APPOINTED FOR
RESTRUCTURING PURPOSES)

AND

IN THE MATTER OF SECTION 99 OF THE COMPANIES
ACT 1981

---

### ORDER TO CONVENE MEETING

---

CONYERS DILL & PEARMAN LIMITED
Barristers & Attorneys
Clarendon House, 2 Church Street
Hamilton, Bermuda

7